FILED
IN CLERKS OFFICE

IN THE UNITED STATES DISTRICT COURT FOR THE
~~[redacted]~~ 12:29
DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

Marlin Fred Turner Jr   16838-074
(Full Name)               (Register No.)

Plaintiff(s),

v.

No. 04-40074-~~NMG~~

Warden David L. Winn
(Full Name)
Captain Micheal Bollinger
Doctor Gary H. Riggs

Defendant(s).

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

I. Place of present confinement of plaintiff(s): United States Medical Center for Federal Prisoners Springfield Missouri

II. Parties to this civil action:

Please give your commitment name and any other name(s) you have used while incarcerated.

A. Plaintiff: Marlin Fred Turner Jr   Register No. 16838-074
Address: United States Medical Center for Federal Prisoners POBox: 4000 Springfield, MO, 65801-4000

B. Defendant David L. Winn
is employed as Warden
at Federal Medical Center "Devens" Ayer, Massachusetts

For additional plaintiffs or defendants, provide above information in same format on a separate page.

5/96

B. Additional Defendants.
   Defendant <u>Micheal Bollinger</u>
   is employed as <u>Captain</u>
   at <u>Federal Medical Center "Devens" Ayer, Massachusetts</u>

   Defendant <u>Dr. Gary H. Riggs</u>
   is employed as <u>Staff psychiatrist</u>
   at <u>Federal Medical Center "Devens" Ayer Massachusetts</u>

III.  Do your claims involve medical treatment?                                  Yes ___     No ✗

IV.  Do you request a jury trial?                                                Yes ✗      No ___

V.  Do you request money damages?                                                Yes ✗      No ___

   State the amount claimed.                            $500,000/500,000 or (actual/punitive)

VI.  Are the wrongs alleged in your complaint continuing to occur?  Yes ___     No ✗

VII.  Grievance procedures:

   A.  Does your institution have an administrative or grievance procedure?
                                                                                 Yes ✗      No ___

   B.  Have the claims in this case been presented through an administrative or grievance procedure within the institution?     Yes ___     No ✗

   C.  If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result.)

   _____N/A_____

   _____

   D.  If you have not filed a grievance, state the reasons.

   Because Policy states you have up to 20 days to file a complaint after the incident occurs and after that it is null + void. Also no relief that they can offer will suffice.

VIII.  Previous civil actions:

   A.  Have you begun other cases in state or federal courts dealing with the same facts involved in this case?                 Yes ___ N/A No ___

   B.  Have you begun other cases in state or federal courts relating to the conditions of or your treatment while in confinement?   Yes ___ N/A No ___

   C.  If your answer is "yes," to either of the above questions, provide the following information for each case.

      (1)  Style: _____N/A_____
                  (Plaintiff)        (v.)                (Defendant)

      (2)  Date filed: _____N/A_____

      (3)  Court where filed: _____N/A_____

      (4)  Case number and citation: _____N/A_____

5/96                                    4

(5) Basic claim made: N/A

(6) Date of disposition: N/A

(7) Disposition: N/A
   [(pending) (on appeal) (resolved)]

(8) If resolved, state whether for: N/A

[(plaintiff) or (defendant)]

For additional cases, provide the above information in the same format on a separate page.

IX. Statement of claim:

A. State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

On 1-23-02 at approx. 6:00 pm 5 officers (officers Krauss, Toner, Marquedt, Sullivan, and Martin.) entered my cell and forcibly assaulted me by holding me down and injecting me against my will with 100 mg of thorazine which is a highly potent psychotropic used to treat people with psychosis. This action was ordered by Dr. Gary H. Riggs and approved and authorized by Captain Bellinger and Warden Winn.

B. State briefly your legal theory or cite appropriate authority:

28 CFR 549.43 specifically states that if it is not an emergency situation in which the inmate is a danger to himself, others, or property due to a mental illness he is entitled to a due (continued)

5/96                                                5

(Continued)
to a due process hearing. I did not recieve a hearing. I am not mentally ill and my behavior on 1-23-02 was willful and had nothing to do with mental illness. (see exhibits A + B attached)

Therefor not only was my 5th, 6th, 8th + 14th Amendments violated but also Dr. Gary H. Riggs and B.O.P employees Knowingly and willfully Broke the law by injecting me against my will according to title 28 Part 549.43 of the Code of Federal Regulations.

X.  Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.

Seek criminal prosecution on Dr. Gary H. Riggs, Warden David L. Winn and Captain Micheal Bellinger and grant $1,000,000.00 dollars for actual/punitive damages.

XI. Counsel:

   A. If someone other than a lawyer is assisting you in preparing this case, state the person's name.

   N/A

   B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?   Yes ___   No ☒

   If so, state the name(s) and address(es) of each lawyer contacted.

   If not, state your reasons.

   I do not have the funds to hire a private lawyer

   C. Have you previously had a lawyer representing you in a civil action in this court?

   Yes ___   No ☒

   If so, state the lawyer's name and address:

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed (signed) this _6th_ day of _May_, 20_04_.

(Signature(s) of Plaintiff(s))

FD-302 (Rev. 10-6-95)

- 1 -

# FEDERAL BUREAU OF INVESTIGATION

Date of transcription  03/08/2002

Dr. SALLY W. THOMPSON

her place of employment, FEDERAL MEDICAL CENTER (FMC), Devens, Massachusetts where she was employed full time as a Public Health Service Officer. Dr. THOMPSON was advised of the official identity of the interviewing Agent and the nature of the interview. She provided the following information:

Dr. THOMPSON said she was a staff psychiatrist providing "In Patient, and Out Patient" treatment. She explained that all of her patients were prisoners at FMC, but In Patients were those who were in the N-1 section of the N unit of FMC where they were locked down as punishment for a prison rule violation. Out Patients were prisoners who were in the general population of the N unit, which was the mental health unit at FMC.

Inmate MARLIN TURNER was a mental health patient at FMC, and on January 23, 2002 he had been locked in the N-1 unit for a rule violation and was considered an In Patient. Though TURNER's primary psychiatrist was Dr. GARY H. RIGGS, Dr. THOMPSON was called to the N-1 unit to deal with TURNER's disruptive behavior by applying "Confrontation Avoidance" techniques. Dr. THOMPSON was the staff psychiatrist on duty at that time.

When Dr. THOMPSON first encountered TURNER in the late afternoon on January 23, 2002, he was refusing to be moved from his cell in the N-1 area to a suicide watch cell in that same area, and he was refusing to comply with orders from the staff. It was becoming necessary to employ the "USE OF FORCE TEAM." Prior to employing the team, Dr. THOMPSON attempted unsuccessfully to convince TURNER to comply with the lawful orders of the staff. It was Dr. THOMPSON's opinion that TURNER was fully aware of what he was doing. She said that his thoughts were organized. He did not appear to be hallucinating or psychotic. Dr. THOMPSON believed that TURNER's actions from the beginning of the incident to the

---

Investigation on  2/28/2002  at  Devens, MA

File #  89B-BS-89914

by  SA George J. DiMatteo:jat    Date dictated  2/28/2002

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

"Exhibit A"

FD-302a (Rev. 10-6-95)

89B-BS-89914

Continuation of FD-302 of  Dr. Sally W. Thompson  , On 2/28/2002 , Page 2

completion of the move, including the assault on the staff member during the move, was "willful sociopathic behavior."

Dr. THOMPSON said that TURNER was now assigned to Dr. FLETCHER at FMC. She learned from speaking with her colleagues and with TURNER that TURNER wanted to "out do his father's prison record." He wanted to be transferred to a federal penitentiary and he knew he needed a "history of combative behavior" to accomplish that. Dr. THOMPSON was convinced that TURNER assaulted a staff member with willful, criminal intent.

At the time of TURNER's actual move to the suicide watch cell, Dr. THOMPSON was not present to observe.

A copy of Dr. Thompson's report (hand written and typed version) is attached and made a part of this report.

FD-302 (Rev. 10-6-95)

- 1 -

# FEDERAL BUREAU OF INVESTIGATION

Date of transcription  03/07/2002

Dr. GARY H. RIGGS

[redacted] was interviewed at his place of employment, FEDERAL MEDICAL CENTER (FMC), Devens, Massachusetts where he was a Staff Psychiatrist. Dr. RIGGS was advised of the official identity of the interviewing Agent and the nature of the interview. Also present during the interview was Dennis Duffy, FMC Special Investigative Services. Dr. RIGGS provided the following information:

Dr. RIGGS said that he was the Staff Psychiatrist assigned to inmate MARLIN TURNER (Inmate # 16838-074). During a counseling session two weeks prior to January 23, 2002 (the date of the alleged assault), TURNER to Dr. RIGGS that he did not want to be incarcerated at FMC. He said that he wanted a transfer to a "Pen" meaning a federal penitentiary. TURNER told Dr. RIGGS that he knew how to get himself transferred - he said all he had to do is hurt a facility staff member.

Late in the afternoon of January 23, 2002 Dr. RIGGS was called to the N-1 unit of FMC by the Registered Nurse Ms. SUE LAPRADE who was working on that unit. Ms. LAPRADE told Dr. RIGGS that TURNER wanted to see him. Dr. RIGGS was busy at that time with other matters and did not immediately respond. Later, the officer in charge of the unit called to say that TURNER "cut himself and was bleeding." He told Dr. RIGGS that the inmate threatened to hang himself and that he had thrown a cup of urine at one of the staff officers. Dr. RIGGS responded to the N-1 unit to speak with TURNER.

Dr. RIGGS encouraged the inmate to "stop and think." He told the inmate that because of his threats about suicide and that he had apparently made a noose, he was going to be placed on "suicide watch." This angered the inmate. He said that he would not submit to a transfer to a suicide watch cell. He said that he would arm himself. He told Dr. RIGGS that he would hurt any staff who entered his cell. He said "bring them on."

---

Investigation on  2/28/2002  at  Devens, MA

File #  89B-BS-89914

Date dictated  2/28/2002

by  SA George J. DiMatteo

Exhibit B

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is [...]

FD-302a (Rev. 10-6-95)

89B-BS-89914

Continuation of FD-302 of  Dr. Gary H. Riggs  , On 2/28/2002 , Page 2

    Dr. RIGGS called Staff Psychiatrist SALLY W. THOMPSON to the N-1 unit. Dr. RIGGS realized that he had lost rapport with the angry inmate and wanted another professional to attempt "Confrontation Avoidance" techniques with the inmate. Dr. THOMPSON's efforts were not successful. It was decided to move TURNER to a suicide watch cell using the "USE OF FORCE TEAM." Dr. RIGGS remained in the nurse's station, out of sight of TURNER's cell, while the transfer was made. At the completion of the transfer, Dr. RIGGS authorized the nurse to administer 100 mg of Thyroxine to TURNER. Dr. RIGGS heard TURNER "boasting" to other inmates in the unit about how he had hurt a staff member. After the Thyroxine took effect, TURNER said that he hoped he had not hurt the staff member.

    Dr. RIGGS said that he had spent many hours counseling TURNER since the inmate came to FMC. In Dr. RIGGS' opinion, TURNER had an "adolescent" mentality. He considered himself a "tough guy." On one occasion during counseling, TURNER told Dr. RIGGS that when he got bored, he would "stir things up." Dr. RIGGS told TURNER that Dr. RIGGS considered him, and expected him to be "responsible and competent" unlike psychiatrists in other prisons where TURNER's behavior was diagnosed differently. Dr. RIGGS said that in his opinion TURNER willfully misbehaved when he assaulted the staff member on January 23, 2002. Dr. RIGGS said that he believed that TURNER was in control of his faculties and knew what he was doing when the assault occurred.

    Dr. RIGGS said that TURNER was not taking any medication that could cause the inmate to be combative. He said the inmate was doing well on the medication prescribed for him. Similarly, he said the absents of medication would not have cause the inmate to be combative. Dr. RIGGS' treatment approach for TURNER was to make him aware of his irresponsible acts and to help him learn to change his behavior by getting him to think about the consequences of irresponsible acts before he committed. Dr. RIGGS said, "prosecution [for the assault] would be consistent with our approach of making him [TURNER] responsible."

    Dr. RIGGS provided a copy of his handwritten notes (attached and made a part of this report) pertaining to TURNER's treatment.

**JS 44** (Rev. 3/99)    **CIVIL COVER SHEET**    04-40074-NMG

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Marlin Fred Turner Jr.

**DEFENDANTS**
Warden: David L. Winn
Captain Micheal Bellinger    APPENDIX B    CIVIL COVER SHEET
Dr. Gary H. Riggs

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed 12:29 _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DISTRICT COURT
DISTRICT OF MASS.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

1983 Civil Suit "Bivens Suit" for violation of 5th, 6th, 8th + 14th Amendments

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 1,000,000.00    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE Nathaniel M. Gorton    DOCKET NUMBER 02-CR-40028

DATE 5-6-04    SIGNATURE OF ATTORNEY OF RECORD Marlin Fred Turner Jr. PRO SE

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUN _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____