UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Marlin Fred Turner, Jr.        )
          Plaintiff,           )
                               )
     v.                        )  C.A. No. 04-40074-NMG
                               )
David L. Winn, et al.,         )
          Defendants.          )

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's complaint will be dismissed without prejudice in forty-two (42) days from the date of this Order, unless plaintiff first files a certified copy of his prison account statement.

### ALLEGED FACTS

On May 13, 2004, plaintiff Marlin Fred Turner, Jr., a federal prisoner, filed a pro se civil rights complaint and an application to proceed without prepayment of fees. Plaintiff did not file a certified copy of his prison account statement.

### ANALYSIS

I.  Plaintiff Has Not Filed A Trust Fund Account Statement
    As Required By 28 U.S.C. § 1915(a)(2)

Plaintiff is a "prisoner seeking to bring a civil action . . . without prepayment of fees," and is therefore subject to the restrictions of 28 U.S.C. § 1915(a)(2). Along with an application to proceed in forma pauperis, Section 1915(a)(2) also requires prisoner litigants to file a "certified copy of the trust fund account statement (or institutional equivalent) for

the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). This statement must be obtained from the "appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

In this case, plaintiff has failed to file an account statement along with his application to proceed in forma pauperis. Accordingly, this action will be dismissed without prejudice unless plaintiff complies with the requirements of § 1915 and files a certified copy of his account statement as directed in this Order.

Moreover, plaintiff is hereby put on notice that even if he complies with this Order and the Court grants his application to proceed in forma pauperis, plaintiff will nevertheless be required to pay the full amount of the filing fee. See 28 U.S.C. § 1915(b)(1)-(2)(prisoners filing civil actions are required to pay the full amount of the filing fee, even when proceeding in forma pauperis). Based on the information contained in the account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from plaintiff's account, followed by payments on a continuing monthly basis until the entire $150.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2).

CONCLUSION

ACCORDINGLY, for the reasons set forth above, plaintiff's complaint will be dismissed without prejudice in forty-two (42) days from the date of this Order unless, before that time, plaintiff resubmits his application to proceed in forma pauperis, accompanied by a certified copy of his prison account statement. SO ORDERED.

Dated at Boston, Massachusetts, this 14th day of June, 2004.

_____
UNITED STATES DISTRICT JUDGE